UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| MARCUS A. HARRIS,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>DELAINEY PUEGH, ET AL.,<br><br>　　　　Defendants. | Case No. 1:24-cv-00452-AKB<br><br>**INITIAL REVIEW ORDER BY SCREENING JUDGE** |

## I.  INTRODUCTION

Pending before the Court is Plaintiff Marcus A. Harris's Complaint (Dkt. 2), In Forma Pauperis Application (Dkt. 1), and Motion to Add Defendant and Petition for an Emergency Hearing (Dkt. 5). Pursuant to 28 U.S.C. § 1915, this Court must review Plaintiff's request to determine whether he is entitled to proceed in forma pauperis, which permits civil litigants to proceed without prepayment of the full filing fee or to pay the filing fee over time. *Rice v. City of Boise City*, No. 1:13-CV-00441-CWD, 2013 WL 6385657, at *1 (D. Idaho Dec. 6, 2013). The Court must also undertake an initial review of Plaintiff's complaint to ensure it meets the minimum required standards.  *See* 28 U.S.C. § 1915(e)(2).

For the reasons below, the Court denies Plaintiff's In Forma Pauperis Application, dismisses his Complaint without prejudice, and denies Plaintiff's Motion to Add Defendant and Petition for an Emergency Hearing as moot.

## II.  APPLICATION TO PROCEED IN FORMA PAUPERIS

Any party instituting a civil action in a federal district court is required to pay a filing fee. 28 U.S.C. § 1914. On application, however, a party may proceed in forma pauperis.  28 U.S.C.

§ 1915. The Court "may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor." 28 U.S.C. § 1915(a)(1). To qualify for in forma pauperis status, a plaintiff must submit an affidavit that includes a statement of all assets he possesses and that indicates he is unable to pay the fee required. *Id.* The affidavit is sufficient if it states the plaintiff, because of his poverty, cannot "pay or give security for the costs" and still be able to provide for himself and dependents the "necessities of life." *Adkins v. E. I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948). The affidavit must "state the facts as to affiant's poverty with some particularity, definiteness and certainty." *United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981) (internal quotation marks omitted) (quoting *Jefferson v. United States*, 277 F.2d 723, 725 (9th Cir. 1960)).

The Court has reviewed Plaintiff's In Forma Pauperis Application, which reports that Plaintiff receives $3,795 in income from the "VA" and $100 a month in income from "employment" and reports monthly living expenses of roughly $3,000. (Dkt. 1 at pp. 2, 4). Plaintiff indicates he paid or will pay someone $250 in preparing documents related to this case. (Dkt. 1 at p. 5). Plaintiff's reported income exceeds his reported monthly living expenses by over $800. Plaintiff also paid or plans to pay an unidentified person to help prepare documents related to this Complaint. (Dkt. 1 at p. 5). These factors indicate Plaintiff can pay the Court's filing fee while still supporting his basic living expenses. Because Plaintiff has not provided information to demonstrate his poverty, the Court denies Plaintiff's application to proceed In Forma Pauperis.

### III.  SUFFICIENCY OF COMPLAINT

The Court is required to screen complaints brought by litigants who seek in forma pauperis status. *See* 28 U.S.C. § 1915(e)(2). The Court must dismiss a plaintiff's complaint, or any portion thereof, if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted;

or (3) seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B)(i)–(iii). To state a claim upon which relief can be granted, a plaintiff's complaint must include facts sufficient to show a plausible claim for relief. *See Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009).

During this initial review, courts generally construe pro se pleadings liberally, giving pro se plaintiffs the benefit of any doubt. *See Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000). Even so, plaintiffs—whether represented or not—have the burden of articulating their claims clearly and alleging facts sufficient to support review of each claim. *See Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1992). Additionally, if amending the complaint would remedy the deficiencies, plaintiffs should be notified and provided an opportunity to amend. *See Jackson v. Carey*, 353 F.3d 750, 758 (9th Cir. 2003).

### A. To the Degree Plaintiff Seeks Relief from a Pending State Criminal Proceeding, *Younger* Abstention Prevents the Court from Hearing Plaintiff's Claims

Plaintiff makes civil rights allegations against Ada County officials, including "Delainey Puegh" of the "State Prosecutors office" and "Bryan Hall" of the "Public Defenders office," which Plaintiff uses to attack his prosecution in state court. (Dkt. 2 at p. 2). Plaintiff also lists "Andrew Horejs" and "Joseph Halley" as defendants, though it is unclear who they are and how they relate to this case. (Dkt. 2 at p. 2). Allegations of ineffective counsel form the crux of Plaintiff's Complaint, which he uses to attack his state conviction. (Dkt. 2 at pp. 7-10). Plaintiff seeks "an injunction barring the [state] District Court" from sentencing him and placing him in prison. (Dkt. 2 at p. 4). He is seeking $500,000 as a "interim judgment." (Dkt. 2 at p. 36). Plaintiff does not describe the status of the state's prosecution, but a review of the iCourt database reveals that Plaintiff's criminal case is pending in state court. *State v. Harris*, Ada County Case No. CR01-24-04115 (docket available at https://icourt.idaho.gov/) (accessed Oct. 1, 2024).

Challenges to ongoing state criminal proceedings are subject to dismissal pursuant to *Younger v. Harris*, 401 U.S. 37 (1971). In *Younger*, the United States Supreme Court reiterated the importance of the principle of comity between state and federal courts, holding that federal courts generally must abstain from hearing civil rights claims related to pending state criminal cases. Adjudicating such claims is allowed only in the rarest of circumstances—that is, where "the threat to the plaintiff's federally protected rights . . . cannot be eliminated by his defense against a single [state] criminal prosecution." *Id.* at 46.

A federal court should abstain under *Younger* if three factors are present: (1) there must be an ongoing state judicial proceeding; (2) the proceeding must implicate an important state interest; and (3) there must be an adequate opportunity in the state proceeding to raise the constitutional challenge. *Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982). Where abstention is appropriate, a federal court may still entertain an action when "extraordinary circumstances" are present, including: (1) where irreparable injury is both "great and immediate," *Younger*, 401 U.S. at 46; (2) where the state law is "flagrantly and patently violative of express constitutional prohibitions," *id.* at 53-54; or (3) where there is a showing of "bad faith, harassment, or any other unusual circumstances that would call for equitable relief," *id.* at 54.

This Court declines to hear Plaintiff's claims because all three *Younger* factors indicate abstention is required, and Plaintiff has failed to show his circumstances warrant an exception. Plaintiff's Complaint describes an upcoming sentencing to occur on October 7, 2024, but the state district court appears to have postponed the hearing, and the status of other possible charges is unclear. (Dkt. 2 at 4). *Harris*, Ada County Case No. CR01-24-04115. Plaintiff fails to explain how his charges implicate an important state interest, and he fails to allege any other circumstances that

justify this Court's departure from *Younger*. Therefore, the Court dismiss Plaintiff's claims because of his pending state criminal proceeding.

      **B.    To the Degree that Plaintiff Seeks Relief from Convictions in State Court, *Heck* Prevents This Court from Hearing Plaintiff's Claims**

Plaintiff says he is awaiting sentencing but has not explained the status of his state criminal case. (Dkt. 2). Plaintiff's Complaint and the public records of the state case indicate he may have already been convicted of at least some state charges. (Dkt. 2). *Harris*, Ada County Case No. CR01-24-04115.

Civil rights claims related to pending state criminal proceedings are treated differently from those related to a past criminal conviction. With respect to past criminal convictions, the Supreme Court has held that any civil rights claim that would "render a conviction or sentence invalid . . . is not cognizable under § 1983." *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). As a result, if a favorable verdict in a civil rights action would necessarily imply the invalidity of a plaintiff's conviction, the plaintiff must first prove that "the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Id.* at 487.

As the Supreme Court later clarified, "a state prisoner's § 1983 action is barred (absent prior invalidation)—no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)—*if* success in that action would necessarily demonstrate the invalidity of confinement or its duration." *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005).

This Court cannot hear Plaintiff's civil rights claims because doing so could undermine the validity of his state convictions. Though the Complaint is unclear, the crux of the Complaint is

INITIAL REVIEW ORDER BY SCREENING JUDGE - 5

against the state prosecutor and public defender for alleged misconduct, which Plaintiff uses as a collateral attack on his conviction. (Dkt. 2). He expressly requests that this Court enjoin the state district court from sentencing him. (Dkt. 2 at p. 4). If this Court were to rule in favor of his claims, it would necessarily imply the invalidity of the state's conviction against Plaintiff.

This case may be barred by *Younger*, 401 U.S. 37, which prohibits federal courts from interfering in criminal matters still pending in state court. His claims for damages may also be barred by *Heck*, 512 U.S. 477, which prohibits actions for damages on any theory that would imply the invalidity of a conviction or sentence that has not been reversed. If Plaintiff chooses to amend his Complaint, he should explain the current status of the charges against him and whether his claims are related to his current incarceration.

Accordingly, the Court dismisses Plaintiff's Complaint without prejudice but grants him leave to file an amended complaint. If Plaintiff chooses to amend his Complaint, he must specify how he suffered a constitutional or statutory violation and provide sufficient factual background to support his claim.

### C. Plaintiff Lacks Standing to Bring Claims on Behalf of Brandie Meiller, and Brandie Meiller Cannot Represent Him as a Non-Attorney

The Complaint contains several allegations related to Brandie Meiller, who Plaintiff lists as "General [and] Durable Power of Attorney." (Dkt. 2 at p. 5). A plaintiff must assert his legal rights or interests and not the legal rights or interests of third parties. *Warth v. Seldin*, 422 U.S. 490, 498-99 (1975). A plaintiff may plead and conduct his own case personally or by counsel. 28 U.S.C. § 1654; *see Iannaccone v. Law*, 142 F.3d 553, 558 (2d Cir. 1998). This right to appear pro se, however, does not include the right for a non-attorney to represent the interests of others. *See id.* Brandie Meiller is not a party in this suit, and Plaintiff has no standing to bring claims on her behalf. Further, the Court finds that Brandie Meiller cannot represent Plaintiff in federal court as

a non-attorney, even if she has power of attorney for Plaintiff, because non-attorneys generally may not represent the interests of others. *See* 28 U.S.C. § 1654; *Iannaccone*, 142 F.3d at 558. Therefore, we order Brandie Meiller to cease acting as a non-attorney representative in this case. We advise Brandie Meiller that under Idaho Law, a non-attorney representing another person in court is engaged in the unauthorized practice of law, which carries criminal penalties. I.C. § 3-420.

## IV. CONCLUSION

Upon review of Plaintiff's In Forma Pauperis Application, the Court finds Plaintiff has not demonstrated he lacks financial resources to pay the filing fee in this suit. Additionally, upon review, the Court finds Plaintiff's Complaint is barred under *Younger* and *Heck*. As the Court is barred from hearing Plaintiff's claims, the Court finds the Plaintiff's Motion to Add a Defendant and Petition for an Emergency Hearing is moot. The Court also finds that Brandie Meiller, as a non-attorney, cannot represent Plaintiff in this case and that Plaintiff does not have standing to bring claims on her behalf.

## V. ORDER

**IT IS ORDERED that:**

1. Plaintiff's In Forma Pauperis Application (Dkt. 1) is **DENIED**.

2. Plaintiff's Complaint (Dkt. 2) is **DISMISSED WITHOUT PREJUDICE**.

3. Plaintiff's Motion to Add Defendant and Petition for an Emergency Hearing is (Dkt. 5) is **DENIED AS MOOT**.

4. Brandie Meiller, as a non-attorney, is prohibited from representing Plaintiff in this case.

DATED: October 07, 2024

Amanda K. Brailsford
U.S. District Court Judge

**INITIAL REVIEW ORDER BY SCREENING JUDGE - 7**